UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-25053-GAYLES

**WATSON BRICKELL
DEVELOPMENT, LLC,**

    **Plaintiff,**

v.

**ACE AMERICAN INSURANCE COMPANY,**
et al.,

    **Defendants.**
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand and for an Award of Fees and Expenses (the "Motion"). [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is granted in part.

**I.  BACKGROUND**

On October 1, 2025, Plaintiff Watson Brickell Development, LLC ("Plaintiff") filed this action against Defendants ACE American Insurance Company ("ACE"), Starr Surplus Lines Insurance Company ("Starr"), and Allianz Global Risks US Insurance Company ("Allianz") (collectively "Defendants") in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. In the Complaint, Plaintiff alleged that (1) it is a Delaware limited liability company; (2) Defendants are Pennsylvania, New York, and Illinois corporations, and (3) it seeks damages in excess of $750,000. *Id*. After service, Defendants removed the action to this Court based on diversity jurisdiction. [ECF No. 1]. In the Notice of Removal, Defendants alleged that Plaintiff's members are citizens of Delaware, Florida, Japan, Singapore, and England and that ACE is a citizen of Pennsylvania, Starr is a citizen of New York, and Allianz is a citizen

1

of Illinois. Based on these unsupported assertions, Defendants claimed that the parties are completely diverse and that the amount in controversy exceeds $75,000 such that this Court has diversity jurisdiction. *Id.*

Plaintiff then moved to remand arguing that the parties are not completely diverse. [ECF No. 11]. In particular, Plaintiff alleged that following removal, it notified Defendants that at least one of its members is citizen of Pennsylvania and that, therefore, the parties are not completely diverse. In support, Plaintiff attached email correspondence between Plaintiff's and Defendants' counsel regarding Plaintiff's citizenship.

In response to the Motion, Defendants argued that prior to removing the action, they reviewed SEC filings which did not identify any members in Plaintiff's corporate chain who were citizens of Pennsylvania. [ECF No. 14]. In addition, Defendants requested jurisdictional discovery. [ECF No. 14]. *Id.*

In its reply, Plaintiff opposed any jurisdictional discovery and attached the Declaration of Matthew Tarasoff, the Senior Vice President of one of Plaintiff's members who is familiar with Plaintiff's corporate chain. Mr. Tarasoff attests that one of Plaintiff's members is Fayerweather Fund Matterhorn, L.P. ("Fayerweather") and that one of Fayerweather's partners is Joseph Fisher ("Mr. Fisher"), a citizen of Pennsylvania. [ECF No. 18-1].[1]

On December 22, 2025, pursuant to the Court's Order requiring Plaintiff to file its corporate disclosure statement, Plaintiff filed, under seal, a detailed listing of its organizational structure (the "Disclosure Statement"). [ECF No. 31]. While Plaintiff's corporate structure is complex and its members are vast, the Disclosure Statement clearly demonstrates that Plaintiff has members who are citizens of Pennsylvania, New York, and Illinois.

---

[1] Mr. Tarasoff also states that Mr. Fisher is trustee of the Jansjoerg Wyss 2014 Irrevocable Trust (the "Trust") and that the Trust is a part owner of Fayerweather.

## II.     APPLICABLE LAW

The procedure for a motion to remand is governed by 28 U.S.C. § 1447(c), which mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *See McGee v. Sentinel Offender Services, LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of So. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.    DISCUSSION

The Court has diversity jurisdiction when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332(a). Here, Plaintiff is a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, for the Court to have diversity jurisdiction, all of Plaintiff's members must be diverse from Defendants.

Here, the record clearly reflects that Plaintiff has members who are citizens of Pennsylvania, New York, and Illinois. Moreover, it is undisputed that ACE is a citizen of Pennsylvania, Starr is a citizen of New York, and Allianz is a citizen of Illinois. Because Plaintiff

and Defendants are not completely diverse, the Motion shall be granted.[2]

The Court has also considered whether Plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). While the record now reflects that the parties are not completely diverse, at the time of removal, Plaintiff's Complaint gave Defendants an objectively reasonable basis to remove the action based on diversity of citizenship. Therefore, Plaintiff's request for attorney's fees and costs is denied.[3]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand and for an Award of Fees and Expenses, [ECF No. 11], is **GRANTED in part.** This matter is remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. This action is **CLOSED**, and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The Court denies Defendant's request for jurisdictional discovery. "[J]urisdictional discovery should be conducted *before* removal—not *after*." *Mittenthal v. Florida Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1225 (S.D. Fla. 2020). Moreover, "[s]uch fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Mittenthal*, 472 F. Supp. 3d at 1226 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007)).

[3] The Court does not find that sanctions under Federal Rule of Civil Procedure 11 are warranted.